**WO**                                                                                       MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Lovelle Joseph, | No. CV 06-1944-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Ronnie Lovelle Joseph, confined in the Maricopa Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Joseph M. Arpaio and K.S. Reddy to answer Counts One, Three, and Four of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $5.00. 28 U.S.C. § 1915(b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**TERMPSREF**

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III. Complaint**

In his four-count Complaint, Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio, Dietician K.S. Reddy, and John Doe Jail Officials.

In Count One, Plaintiff alleges that Defendant Arpaio intentionally discriminated against him in violation of the Fourteenth Amendment by providing international prepaid phone cards to "out of country detainee[s]" but deliberately denying them to "in state detainees." He contends this is being done arbitrarily and purposelessly and without a legitimate objective.

In Count Two, Plaintiff alleges that Defendant Arpaio intentionally discriminated against him in violation of the Fourteenth Amendment by "providing medical diets to similarly situated detainees but refus[ing] to provided hypertension detainees a diet period." He asserts that he is being treated differently, which deprives him of keeping his "hypertension down without medication." Specifically, he states that the medical staff was monitoring his hypertension but that, after his hypertension was under control from not eating cheese and peanut butter, he was placed back on a diet that contained "smooth peanut

butter with salt." He contends this was done arbitrarily, purposelessly, and "wantonly and totally without penlo[g]ical justi[fi]cation."

In Count Three, Plaintiff alleges that Defendants Arpaio and Reddy violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by deliberately serving him pork products in his religious meals.

In Count Four, Plaintiff alleges that Defendant Arpaio violated his Fourteenth Amendment due process rights by placing him on an "administrative special loaf meals program" without first providing him with due process or a hearing.

In his Request for Relief, Plaintiff seeks monetary damages, declaratory and injunctive relief, court costs and filing fees, and post-judgment interest.

**IV. Failure to State a Claim**

**A. Failure to Link John Doe Defendants with Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has failed to demonstrate a link between the John Doe Defendants' conduct and Plaintiff's alleged injuries. Therefore, the John Doe Defendants will be dismissed without prejudice from this case.

**B. Count Two**

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which essentially requires that all similarly situated persons should be treated alike. U.S. Const., Amend. XIV; City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For purposes of equal protection,

however, prisoners are not a suspect class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998).

The United States Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, however, Plaintiff has failed to state a claim in Count Two. Plaintiff essentially claims that, once the medical staff determined that his hypertension was under control, he was treated exactly the same as other inmates. Thus, he has failed to allege that he has been intentionally treated different from similarly situated persons. The Court will dismiss Count Two without prejudice.

**V. Claims For Which An Answer Will be Required**

Liberally construed, Plaintiff has stated claims in Counts One, Three, and Four, and the Court will require Defendants Arpaio and Reddy to answer those claims.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants Arpaio and Reddy, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must

TERMPSREF

- 4 -

be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.00.

(3) Count Two and Defendants John Doe Jail Officials are **dismissed** without prejudice.

(4) Defendants Arpaio and Reddy must answer Counts One, Three, and Four.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arpaio and Reddy.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i) as to each Defendant not served.

(8)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a)  Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

   (b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Arpaio and Reddy must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 27th day of September, 2006.

_____
Stephen M. McNamee
United States District Judge