**WO**

BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Lovell Joseph, | No. CV 06-1944-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Ronnie Lowell Joseph is litigating a 42 U.S.C. § 1983 action against Defendants Joseph M. Arpaio and K. S. Reddy. Currently before this Court are Plaintiff's motions for appointment of counsel (Doc. #3), for preliminary injunction (Docs. ##4, 6), and for production of documents (Doc. #5). Plaintiff's motions will be denied.

**I. Background**

Plaintiff filed a Complaint alleging that Defendants Arpaio and Reddy violated his constitutional rights by (1) discriminating against him due to the failure to provide him a calling card, (2) discriminating against him by refusing to provide him a diet consistent with his diagnosis of hypertension, (3) denying him a religious diet, and (4) denying him his due process rights before placing him on a disciplinary "loaf diet" (Doc. #1). Plaintiff then filed (1) a Motion for Appointment of Counsel, (2) Motions for Preliminary Injunctions, and (3) a Motion for Production of Documents (Docs. ##3-6). The Court subsequently screened Plaintiff's Complaint, dismissed without prejudice Plaintiff's claim of discrimination in regards to his diet, and ordered Defendants Arpaio and Reddy to answer the remaining claims (Doc. #7).

## II. Appointment of Counsel

Plaintiff seeks appointment of counsel, arguing that the issues are complex, he cannot adequately investigate, and as a result of him being blind in one eye he has problems reading and writing (Doc. #3). Counsel is appointed in § 1983 actions only in "exceptional circumstances." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. The legal issues involved in Plaintiff's case are neither complex nor novel. Plaintiff has not demonstrated exceptional circumstances entitling him to appointed counsel. Thus, Plaintiff's request for appointed counsel will be denied.

## III. Injunctive Relief

Plaintiff filed two motions for injunctive relief, apparently requesting that (1) he no longer be subject to the "loaf meal program" and (2) he be provided a "hypertension diet" (Docs. ##4, 6). Plaintiff alleged that he was placed on a loaf meal program in retaliation for filing civil actions, and has been unable to eat because the loaf is burnt (Doc. #4). Plaintiff also alleged that he is being provided a non-hypertension diet, which includes food such as peanut butter and crackers (Doc. #6). Plaintiff asserts that this diet is known to cause problems with hypertension (Id.).

A request for injunctive relief requires that Plaintiff make a showing of "real or immediate threat" of injury. Hodgers-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir. 1999); see also AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991). Plaintiff has not sufficiently alleged or demonstrated that he faces a significant threat of irreparable injury. In particular, Plaintiff has not alleged or demonstrated that (1) the loaf diet, to which he admittedly is not permanently subjected, is insufficient to fulfill his nutritious needs, or (2) the non-hypertension diet has resulted in a worsening of his medical condition. Plaintiff is not entitled to the meal of his choice, only "to be provided with food sufficient to sustain [him] in good health." McElyea v Babbit, 833 F.2d 196, 198 (9th Cir.

1987). Plaintiff's inability to eat an unappetizing and burnt meal due to his personal taste, without an allegation that the meal is not sufficiently nutritious to sustain him, cannot support a request for injunctive relief. Accordingly, Plaintiff's request for injunctive relief will be denied.

**IV. Production of Documents**

Plaintiff filed a Motion for Production of documents, requesting an order requiring Maricopa County Sheriff's Office to provide him a copy of the jail menus, or an order preventing the Sheriff's Officer from hindering his purchase of the menus (Doc. #5). "Plaintiff may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Plaintiff has not demonstrated that the menu is relevant to any claim remaining in his action. Accordingly, his motion will be denied.

**IT IS ORDERED** that Plaintiff's (1) Motion for Appointment of Counsel (Doc. #3), (2) Motions for Injunctive Relief (Docs. ##4,6), and Motion for Production of Documents (Doc. #5) are **denied**.

DATED this 20th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge